UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MANDYSIA TYREE ARMAND ALBERT, | |
| Petitioner, | |
| v. | C.A. No. 17-12403-ADB |
| COMMONWEALTH OF MASSACHUSETTS EXECUTIVE OFFICE OF HEALTH AND HUMAN SERVICE, DEPARTMENT OF CHILDREN AND FAMILIES, et al., | |
| Respondents. | |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

For the reasons stated below, the Court dismisses this action without prejudice.

I. Background

Petitioner Mandysia Tyree Armand Albert, appearing *pro se*, has filed petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("§ 2254"). Albert states she is bringing the petition as the next friend and parent of her minor son JDA,[1] who is approximately fifteen months old. According to Albert, JDA has been in the care and custody of the Commonwealth's Department of Children and Families ("DCF") for over a year after DCF brought a Care and Protection Petition under M.G.L. ch. 119, § 24 in Suffolk County Juvenile Court. Albert fiercely rejects DCF's finding of neglect and the Juvenile Court's decision to allow DCF to keep JDA in foster care. Albert represents that her parental rights have not been terminated and that the case is still pending in the Juvenile Court. She asks that JDA be released to her custody.

---

[1] The Court will refer to Albert's minor son by his initials.

The petition has not been served pending the Court's preliminary review of the pleading. *See* Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").

## II.  Discussion

Under § 2254, a federal district court "shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphases added). The "in custody" requirement of § 2254 is jurisdictional. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam). The Supreme Court has expressly held that children in foster care "are not in the 'custody' of the State" for purposes of § 2254. *See Lehman v. Lycoming County Children's Servs.*, 458 U.S. 502, 510 (1982). Thus, JDA is not "in custody" within the meaning of § 2254, and the court is without habeas jurisdiction.

Further, Albert cannot represent JDA; he must be represented by counsel. Although federal law permits persons to represent themselves in federal court, *see* 28 U.S.C. § 1654, this provision does not allow unlicensed laypersons to represent co-plaintiffs or any other individuals. The principle is unaltered even when, by operation of Rule 17(c) of the Federal Rules of Civil Procedure, a minor or incompetent person must be represented by a next friend, guardian ad litem, or other fiduciary. *See*, *e.g.*, *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009).[2] Similarly, the federal law permitting a habeas petition to be signed by a person acting on behalf of the petitioner, *see* 28 U.S.C. § 2242, does not allow a non-attorney

---

[2]Moreover, "where a minor or incompetent is represented by a general guardian or a duly appointed representative, a Next Friend need not be appointed." *Sam M. v. Carcieri*, 608 F.3d 77, 85 (1st Cir. 2010). JDA is already represented by counsel. *See* Pet. at 2.

2

to represent a habeas petitioner, *see, e.g.*, *Cartner v. Davis*, 988 F. Supp. 2d 33, 37 (D.D.C. 2013) (holding that non-attorney "next friend" could not litigate habeas action for the incapacitated petitioner), *aff'd*, 2014 WL 4629099 (D.C. Cir. July 11, 2014).

Finally, even if the Court were to treat Albert's pleading as a non-habeas civil action for violations of her own rights (rather than those of JDA), the Court would abstain from exercising jurisdiction over the case. "Abstention is a devise designed to facilitate the side-by-side operation of federal and state courts, balancing their respective interests in the spirit of comity." *Coggeshall v. Mass. Bd. of Registration of Psychologists*, 604 F.3d 658, 664 (1st Cir. 2010). "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, *see* U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." *Casa Marie, Inc. v. Super. Ct.*, 988 F.2d 252, 262 (1st Cir.1993) (footnote omitted). Under the doctrine of *Younger* abstention, *see Younger v. Harris*, 401 U.S. 37 (1971), "a federal court must abstain from hearing a case if doing so would 'needlessly inject' the federal court into ongoing state proceedings." *Coggeshall*, 604 F.3d at 664 (quoting *Brooks v. N.H. Supreme Ct.*, 80 F.3d 633, 637 (1st Cir. 1996)). Although *Younger* concerned a criminal prosecution, it has been extended to civil litigation brought by the state to vindicate its policies, including child welfare and custody proceedings. *See Moore v. Sims*, 442 U.S. 415, 434-35 (1979).

Here, the Court would "needlessly inject" itself in the pending state court care and custody proceeding if it were to examine Albert's claims that JDA should be released into her custody. Therefore, to the extent that Albert states any viable claim for relief, the doctrine of *Younger* abstention requires the Court to abstain from exercising jurisdiction over the matter.

3

## III. Conclusion

Accordingly, this action is dismissed without prejudice.

IT IS SO ORDERED.

Dated: April 11, 2018

/s/ Allison D. Burroughs  
ALLISON D. BURROUGHS  
DISTRICT JUDGE